### Ingalls *versus* Fiske & al.

Where money for the payment of a debt had been left with a depositary for the creditor, and the creditor, with knowledge of all the circumstances, had ratified the act of deposit for his use, it will be deemed a payment.

On Report from the *District Court*, Rice, J.

The opinion of the Court, Shepley, C. J., Tenney, Howard and Appleton, J. J., was drawn up by

Appleton, J.—This was an action of assumpsit upon a note given by the defendants to the plaintiff payable to his order, dated March 3, 1849, for the sum of seventy-five dollars to be paid in June next. There was evidence tending to show, and of the admissibility of that evidence there can be no doubt, that the following words in pencil had been written upon the note and underneath the defendant's signature, "to be paid at Morton's store in Hallowell, June 20, 1849," and that the same had become obliterated at the time of the trial of this action. It appeared in evidence that at the time and place specified, the defendants had paid at Morton's, in Hallowell, the sum of fifty dollars, which Morton had applied to his own use. The balance of the note had been paid as appeared by the indorsement thereon. There was evidence tending to show that this money was left with Morton in pursuance of the agreement between the parties, and that the plaintiff, with full knowledge of all the facts, had assented to and ratified the acts of the defendants in leaving the same in part payment of the note.

Upon these facts the presiding Judge instructed the jury "that if both parties agreed that the fifty dollars might be

left with Morton as the agent of the plaintiff, or if, after the same was left and known to have been left by defendants, the plaintiff ratified the act of leaving and consented to the leaving the fifty dollars in Morton's hands as payment to himself, then the defence would be made out. · To this instruction, the plaintiff excepted. But of its correctness there can be no question. The facts assumed in this instruction the jury must have found, and if so, the plaintiff legally as well as equitably should be the sufferer, in case Morton, with whom the money was to be left, had misappropriated it. The defendants should in no degree be responsible for his neglect or breach of good faith.

The instruction, that "if it was agreed that the money should be paid at Morton's store, that if it were left with Morton, it would not be enough," was favorable to the plaintiff, inasmuch as it required a special performance by the payment at the place specified, and as it further gave the jury clearly to understand, that if the money had been left with Morton at any other place, it would not constitute a defence.

It is unnecessary to consider the other rulings of the Court, as their correctness is conceded.

*Exceptions overruled and judgment on the verdict.*

*Hutchinson*, for the plaintiff.

*Abbott*, for the defendants.